**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-6947**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

GEORGE HARRIS,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (CR-88-76)

———————

Submitted:  August 12, 2004        Decided:  August 20, 2004

———————

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

George Harris, Appellant Pro Se. Charles Dee Griffith, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George Harris appeals from the order of the district court denying his motion to reconsider filed under Fed. R. Civ. P. 60(b). An individual seeking to file a "second or successive" motion for collateral relief must first move in the court of appeals for an order directing the district court to consider his motion. 28 U.S.C. § 2244(b)(3)(A) (2000). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). This requirement also applies to motions made under Rule 60(b) where permitting the movant to proceed without authorization under § 2244 would allow him to "evade the bar against relitigation of claims presented in a prior application." United State v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). In this matter, Harris failed to seek authorization from this court to file a successive § 2255 motion. Accordingly, the district court was without jurisdiction to consider the claims, and it properly dismissed the motion. Accordingly, we deny a certificate of appealability and dismiss the appeal.[*]

---

[*]To the extent Harris' notice of appeal and informal brief could be construed as an application for authorization under § 2244, we deny authorization because Harris does not allege newly discovered evidence or a new rule of constitutional law made retroactively applicable by the Supreme Court to cases on collateral review. See Winestock, 340 F.3d at 208.

- 2 -

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED